IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VITORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| **V.** | § | **CR. No. V-00-76** |
| | § | **C.A. No. V-05-38** |
| **ANTHONY WAYNE CARLTON,** | § | |
| | § | |
| **Defendant/Petitioner.** | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Anthony Wayne Carlton's ("Carlton") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. No. 49).[1] After considering the petitioner's arguments and the applicable law, the Court is of the opinion that the motion should be denied.

In 1996 Congress passed the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Because Carlton filed his Motion to Vacate on April 4, 2005, his petition is subject to AEDPA. Dkt. No. 49 at 7; *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal habeas petition is considered filed on the date it is placed in the prison mail system); *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (federal habeas petitions filed after AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under AEDPA, a prisoner seeking habeas relief must file his habeas petition within one year of the date on which his conviction becomes final. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 532 (2003);

---

[1] Citations in this Order refer to CR. No. V-00-76.

*United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).  If a defendant does not appeal, a conviction is final 10 days after entry of judgment.  *See* FED. R. APP. P. 4(b)(1)(A)(i). Carlton pleaded guilty to one count of distribution of crack cocaine on May 14, 2001 and was initially sentenced on August 5, 2001.  Dkt. No. 31.  Judgment as to his original sentence was entered on August 10, 2001.  Dkt. No. 36.  Carlton did not appeal his August 10, 2001 Judgment. Due to changed circumstances, the Court amended its August 10, 2001 Judgment, re-sentenced Carlton on March 6, 2003 and entered an Amended Judgment on that date.  Dkt. No. 46.  Carlton failed to timely appeal his Amended Judgment.  Therefore, Carlton's conviction became final on March 17, 2003, one day after the expiration of the time for Carlton to seek direct review of his March 6, 2003 Amended Judgment.  Carlton thus had until March 16, 2004 to file his § 2255 Motion.  Carlton, however, failed to file the instant motion until April 4, 2005, over a year after the time for doing so had passed.

Carlton requests relief pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and thus implicitly argues that the beginning date of the applicable one-year limitations period should be reset to January 12, 2005, the date when the Supreme Court decided *Booker*.  However, the Fifth Circuit has ruled that *Booker* is not retroactive on collateral review for purposes of postconviction relief under § 2255.  *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005); *In re Elwood*, 408 F.3d 211 (5th Cir 2005).  That is, judgments that became final before January 12, 2005 may not claim relief pursuant to *Booker*.  Because Carlton's conviction became final on March 17, 2003, the rule announced in Booker does not apply.[2]  Accordingly, Carlton's §2255 petition should be denied as

---

[2] To the extent Carlton argues his counsel was ineffective because he failed to object on *Booker* grounds, the Court finds his arguments unavailing.  According to the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  466 U.S. at 687.  As this Court has previously stated, a defendant's attorney cannot be said to be deficient for failing to predict the *Booker* decision and raise arguments based thereon.  *See Arredondo v. United States*, 2006 WL 2414346 at *3 (S.D. Tex. 2006) (citing *Campbell v. United States*, 108 Fd. Appx.

untimely. The Court notes that Carlton has not set forth, nor can the Court otherwise identify, any justification for statutory or equitable tolling of the limitations period applicable to his § 2255 Motion. Thus, as stated above, Carlton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. No. 49) is patently time-barred and therefore denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). Although Carlton has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir.

---

1, *3 (1st Cir. 2004), for the proposition that failure to anticipate *Booker* would not constitute unreasonable performance under *Strickland*, particularly in light of well-established law in the circuit that was—at the time—to the contrary).

2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Carlton's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Carlton is not entitled to a COA as to any of his claims.

## Conclusion

For the reasons stated above, Carlton's 28 U.S.C. § 2255 Motion is **DENIED**. The Court also **DENIES** Carlton a Certificate of Appealability.

It is so **ORDERED**.

Signed this 14th day of January, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE